## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**ISAAC RUSSELL**                                                                                       **PETITIONER**
**ADC #132326**


**v.**                                              **5:09-cv-00139-JLH-JJV**


**LARRY NORRIS,** Director,
Arkansas Department of Correction                                               **RESPONDENT**


### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge

J. Leon Holmes.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254 of Isaac Russell, an inmate in the custody of the Delta Regional Unit of the Arkansas Department of Correction (ADC).

**I.    Factual Background**

The incidents giving rise to Petitioner's disciplinary charges occurred on March 4 and 5, 2009. (Doc. No. 5, Exs. A-B). On March 4, 2009, Correctional Officer C.E. Jones of the Diagnostic Unit of the ADC ordered Petitioner to "get up and make his rack." (*Id.*). Petitioner refused and responded, "what you gonna do. . . you make somebody do something to you?" (*Id.*). Officer Jones prepared a Disciplinary Violation charging Petitioner with four code violations: (1) 12-1: Failure to Obey Order of Staff; (2) 02-17: Creating Unnecessary Noise; (3) 05-3: Assault; and (4) 11-1: Insolence to a Staff Member. (*Id.*). Petitioner was notified of the charges on March 5, 2009, and a hearing was scheduled on March 18, 2009. (*Id.*).

On March 5, 2009, Officer Jones was assigned to escort Petitioner from his cell to the

shower.  (Doc. No. 5, Ex. B).  During the shower call, Petitioner told Officer Jones that "you ain't nothing but a female.  I am about to get my case overturned.  This [] gonna make do something to him.  You ain't no real man watch me shower."  (*Id.*).  Officer Jones wrote up a second Disciplinary Violation charging Petitioner with four code violations: (1) 05-2: Written Threats of Bodily Harm; (2) 12-1: Failure to Obey Order of Staff; (3) 11-1: Insolence to a Staff Member; and (4) 11-2: Using Abusive/Obscene Language.  (*Id.*).  Petitioner was notified of the charges on March 5, 2009, and a hearing was scheduled on March 18, 2009.  (*Id.*).

On March 18, 2009, a disciplinary hearing was held regarding both incidents.  As to the charges on March 4, 2009, the hearing officer found Petitioner guilty of violations of codes 12-1: Failure to Obey Order of Staff, 02-17: Creating Unnecessary Noise, and 05-3: Assault.  (Doc. No. 5, Ex. A).  However, Petitioner was found not guilty of a violation of code 11-1: Insolence to a Staff Member.  (*Id.*).  Petitioner was sentenced to thirty (30) days in punitive isolation and his class status was reduced to Class IV.  (*Id.*).  As to the March 5, 2009, charges, Petitioner was found guilty of violations of codes 12-1: Failure to Obey Order of Staff, 11-1: Insolence to a Staff Member; and 11-2: Using Abusive/Obscene Language.  (Doc. No. 5, Ex. B).  Petitioner was found not guilty of a violation of code 05-2: Written Threats of Bodily Harm.  (*Id.*).  Petitioner was sentenced to thirty (30) days in punitive isolation and his class status was reduced to Class IV.  (*Id.*).

In his appeal of the two disciplinary hearings, Petitioner argued that the Warden improperly extended the date on which the disciplinary hearing was to be held.  The ADC repeatedly rejected this argument finding that the extension was issued within the appropriate time frame and by the appropriate authority.  (Doc. No. 2).

## II.    Analysis

Petitioner now contends his due process rights were violated because Warden Marvin Evans

3

failed to follow proper procedure when he "signed off" on an extension for the disciplinary hearing and because Petitioner's administrative appeals of the disciplinary hearing were also delayed. (Doc. No. 2). Petitioner argues that ADC policy 08-871 permits the "warden/center supervisor [to] give an indefinite extension while the inmate is absent from the unit." (Doc. No. 2). Petitioner appears to be alleging that he was not absent from the unit and thus his due process rights were violated when the extension was granted. (*Id.*).

Respondent argues that Petitioner has failed to set forth allegations that state a cognizable claim for federal habeas review because both of the imposed punishments, reduction in class status and punitive isolation, are conditions of confinement and therefore must be challenged in a 42 U.S.C. § 1983 action. Respondent further argues that Petitioner's due process claims lack substantive merit because he has no liberty interest in his class status, and that, even if any liberty interest was implicated, Petitioner was afforded adequate due process required by the Supreme Court of the United States in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

Federal law establishes two mechanisms for prisoners to seek relief on complaints related to their imprisonment: a civil rights complaint pursuant to 42 U.S.C. § 1983, and a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). A civil rights complaint under § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the *conditions of his prison life*, but not to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (emphasis added). When a prison disciplinary determination is reached and no good-time credits are eliminated, that decision has no effect on the term of incarceration imposed by the original criminal judgment of conviction and a prisoner challenging the decision "raise[s] no claim on which habeas relief could have been granted on any recognized theory." *Muhammad*, 540 U.S. at 754-55; *See also Khaimov v. Crist*, 297 F.3d 783, 785-86 (8th

Cir. 2002) (finding that Petitioner's habeas claim concerning the prison mail system and segregation were not properly raised in a § 2254 because they were not alleged to have illegally extended his period of confinement); *Bressman v. Frasier*, 900 F.2d 1305, 1307 (8th Cir. 1990) (concluding that inmates' challenges to confinement in pre-disciplinary lock-up did not involve loss of good-time credits and therefore would not be treated as a habeas petition); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (referring to prisoner classification and eligibility for rehabilitative programs in the federal system as a condition of confinement).

On the other hand, habeas corpus "is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. Habeas relief is the exclusive remedy when an inmate's argument directly goes to the constitutionality of the prisoner's actual physical confinement and seeks "immediate release from that confinement or the shortening of its duration." *Id.* at 489. Federal habeas is the exclusive forum in the federal courts for claims challenging disciplinary decisions which result in the loss of good-time credits which affect the length of an inmate's confinement. *Portley-el v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002); *See also Preiser*, 411 U.S. at 500 (sole remedy in federal court for prisoner seeking restoration of good-time credits is writ of habeas corpus).

The Court agrees with Respondent's argument that Petitioner's case is more appropriate for a § 1983 action. As discussed above, Petitioner was subjected to disciplinary sanctions of class reduction and punitive isolation. Petitioner did not lose any accrued good-time credits, therefore federal habeas relief is not available. Furthermore, Petitioner has offered no evidence that success on his claims would have resulted in his immediate release from prison or a shortening of the duration of his confinement in the ADC. Petitioner's claims should be presented in a § 1983 action, rather than a federal habeas proceeding.

**III.     Conclusion**

For the foregoing reasons, it is recommended that Petitioner's Petition (Doc. No. 2) should

be DISMISSED with prejudice and the relief requested  DENIED.  The Clerk of the Court is

directed to send the Petitioner a § 1983 complaint form packet in the event he wishes to bring a

§1983 action.

IT IS SO ORDERED this 21st day of December, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE